UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23134-CIV-SEITZ/WHITE

EDDY JEAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER AFFIRMING MAGISTRATE REPORT, CLOSING CASE, AND DENYING CERTIFICATE OF APPEALABILITY

THIS MATTER is before the Court upon the Report of Magistrate Judge issued by the Honorable Patrick A. White, United States Magistrate Judge [DE-12]. In the Report, Magistrate Judge White recommends that Petitioner, Eddy Jean's Motion to Vacate Sentence, filed pursuant to 28 U.S.C. § 2255, be denied. Petitioner has filed objections [DE-15], the Government has filed a response to the objections [DE-16],[1] and Petitioner has filed a reply [DE-17]. Petitioner's § 2255 motion and memorandum [DE-2] raise four claims alleging ineffective assistance of counsel: (1) failing to tell Jean of his right to testify at a pre-trial suppression hearing and/or failing to present testimony or evidence at the hearing; (2) failing to present evidence from "Big Dog" at trial to support Jean's defense that he was duped; (3) failing to provide conflict-free representation; and (4) failing to argue on appeal that the government's misconduct deprived Jean of a fair trial. The Magistrate Judge's Report found that all of Petitioner's claims are without merit. Petitioner has filed

---

[1] In its response, the Government argues that the Court should not consider Petitioner's objections because they were filed untimely. The Court will consider the objections because of the mailbox rule and the date on Petitioner's certificate of service, which would indicate that the objections were timely filed. Furthermore, the Government has not provided any evidence, such as prison mail logs, to substantiate its claim of untimeliness.

objections to the Magistrate Judge's findings as to each of the claims. However, the objections are mostly restatements of Jean's earlier arguments and do not directly address the Magistrate Judge's legal conclusions, especially the Magistate Judge's conclusion that Jean has failed to satisfy the prejudice prong of the *Strickland* standard. Having reviewed, *de novo*, the Magistrate Judge's Report, the record, Jean's objections, the Government's response, and Jean's reply, the Court finds that Jean's motion to vacate sentence should be denied.

## I. Petitioner's Objections

### A. Ineffective Assistance of Counsel Claims

In order to establish an ineffective assistance of counsel claim, Jean must prove that: (1) counsel's representation of Jean fell below an objective standard of reasonableness and (2) the deficient performance prejudiced Jean. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under the first prong of the *Strickland* standard, Petitioner bears a heavy burden: he "must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. U.S.*, 218 F.3d 1305, 1315 (11th Cir. 2000) (citation and footnote omitted). Under the second prong, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Petitioner has not met this standard for any of his claims.

In his first claim, Jean alleges that he received ineffective assistance of counsel at a pre-trial suppression hearing because defense counsel failed to call Jean to testify and failed to present evidence or testimony on Jean's behalf. The Magistrate Judge, noting that Jean has not proffered the substance of the testimony defense counsel failed to elicit at the suppression hearing, found that

2

Jean failed to establish that he suffered any prejudice as a result of defense counsel's decision not to have Jean testify at the suppression hearing. In his objections, Jean argues that his counsel's actions fell below acceptable levels of professionalism because counsel failed to inform Jean of his right to testify at the suppression hearing. However, Jean's affidavit, submitted in support of his motion [DE-3], states that defense counsel "advised me not to testify in my own defense" at the suppression hearing. Thus, Petitioner's own sworn statement negates his objection. Furthermore, Jean has failed to establish that he suffered any prejudice as a result of defense counsel's failure to have Jean testify or to introduce evidence at the suppression hearing.[2]

Petitioner's second claim, that defense counsel was ineffective because he failed to present evidence at trial that Petitioner was duped, also fails to meet the *Strickland* standard. The Report found that Jean has failed to show that he suffered any prejudice as a result of defense counsel's decision not to have Marcelin "Big Dog" Blanc testify. While Petitioner argues in his objections that the jury should have been given the opportunity to weigh Big Dog's testimony against Agent Perez's testimony, Jean has not actually established that he suffered any prejudice as a result. First, contrary to Jean's assertion, Big Dog could not testify regarding what Jean was told when he received the plaques in Haiti containing the drugs because Big Dog was not present at the exchange. Thus, Big Dog's testimony would not have contradicted Agent Perez's testimony that Petitioner admitted that he learned the plaques contained drugs when he received them. Second, Jean has failed to show what Big Dog's testimony actually would have been. Consequently, Jean has failed to establish

---

[2]Jean testified at his trial. Assuming Jean has a constitutional right to testify at his pre-trial suppression hearing, Jean's testimony at the hearing would have been the same as his testimony at trial. There is no evidence that the Magistrate Judge's finding as to Jean's credibility at the pre-trial hearing would have differed from the decision of the jury.

3

prejudice.

Jean's third claim alleges that his counsel represented him despite a conflict caused by counsel's representation of another defendant who was also allegedly tricked into transporting cocaine into Miami for Big Dog. In order to prevail on his conflict of interest claim, Petitioner must show "that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). "In order to prove that an 'actual conflict' hindered petitioner's lawyer's performance, petitioner must make a factual showing of inconsistent interests or point to specific instances in the record to suggest an actual impairment of his or her interests." *Freund v. Butterworth*, 165 F.3d 839, 859 (11thCir. 1999) (citation and internal quotations omitted). Jean has not done this. He has provided no evidence of an actual conflict, much less that the conflict resulted in an adverse effect on the lawyer's performance. Conclusory allegations that a conflict existed do not meet this standard, which requires specific instances of inconsistent interests or specific impairment of Petitioner's interests.[3] Furthermore, Petitioner's counsel withdrew from representation of the other defendant within days of the other defendant's indictment. Thus, any potential conflict was avoided. Consequently, Jean has failed to establish that an actual conflict existed and, therefore, he has failed to meet the *Strickland* standard to establish ineffective assistance of counsel.

Jean's last claim alleges that his appellate counsel was ineffective for failing to argue that the Government violated Jean's rights by misrepresenting facts during the proceedings. To support his contention, Petitioner points to several inconsistencies in Agent Perez's testimony, at the suppression

---

[3]In his objections, Jean's language indicates that he is only surmising that a conflict of interest existed. He states that counsel "was hampered by an *apparent* conflict of interest" and that counsel "probably" would have to reveal confidential information obtained from the other defendant.

4

hearing and at the trial. However, a review of the transcripts indicates that defense counsel cross-examined Perez about these inconsistencies. Thus, trial counsel was not ineffective and, therefore, there was no appealable issue. Without an appealable issue, appellate counsel was not ineffective for failing to raise a non-existent issue. Consequently, Jean has not satisfied the requirements of *Strickland*.

### B. Other Objections

In addition to his ineffective assistance of counsel claims, Petitioner also objects to the Magistrate Judge's use of the Eleventh Circuit's summary of the facts in this case. In the Report, the Magistrate Judge quoted several paragraphs from the Eleventh Circuit's decision in *United States v. Jean*, 285 Fed. App'x 651 (11th Cir. 2008), to summarize the facts of the criminal case against Jean. Petitioner asserts that the Magistrate Judge erred by not accepting the facts alleged by Petitioner as true. However, Petitioner misconstrues the purpose of the facts quoted by the Magistrate Judge. The Report simply set out the facts from the Eleventh Circuit decision to summarize the criminal action against Petitioner. Thus, the Magistrate Judge did not err in setting out these facts and did not disregard the facts Jean alleged in his motion. Accordingly, this objection is overruled.

## II. Petitioner is Not Entitled to An Evidentiary Hearing

A court need not hold an evidentiary hearing if the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, an evidentiary hearing is not required when the contentions of the petitioner are affirmatively contradicted by the record or when the contentions of the petitioner are conclusory and unsupported by specifics. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As set out in detail in the Magistrate Judge's Report and herein, Petitioner's claims are without merit and thus he is not entitled to an evidentiary hearing. Even

taking all of Jean's asserted facts as true, *see Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991), they do not entitle Jean to relief. Consequently, an evidentiary hearing is not necessary.

### III. Certificate of Appealability

The Court will deny issuance of a certificate of appealability for Jean's Motion pursuant to Rule 11 of the Rules Governing Section 2255 Cases. The Court, having established grounds for entering a "final order adverse to the applicant" on this motion, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Jean must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, Jean has not made this showing.

Accordingly, having carefully reviewed, *de novo*, Magistrate Judge White's thorough Report, the record, the objections, the response, and the reply, it is hereby

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE-12] is AFFIRMED and ADOPTED,[4] and incorporated by reference into this Court's Order;

(2) Petitioner's Motion to Vacate Sentence [DE-1] is DENIED;

(3) Petitioner's Objections are OVERRULED;

(4) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT;

---

[4] With the exception of, on page 21, third paragraph, the last sentence stating: "There is no evidence that Bharathi, or any other FPD attorney, represented Mondale [sic]." Also correcting the typographical error on page 13, footnote 4, second line, which should read " . . . asserted that he told his counsel . . ." and the typographical error on page 17, second paragraph, third line to read " . . . nor that his testimony would have changed the outcome of the hearing."

(5) This case is CLOSED; and

(6) Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, certification of appealability is DENIED.

DONE and ORDERED in Miami, Florida, this 5th day of December, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record/*Pro se party*